UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROCKROSE, L.L.C., a Wyoming limited liability company,<br><br>                              Plaintiff,<br><br>vs.<br><br>FIRST AMERICAN TITLE & ESCROW OF MAGIC VALLEY, INC., D.B.A. GOODING TITLE & ESCROW COMPANY, an Idaho corporation in its corporate capacity and in its capacity as trustee; TWIN FALLS TITLE & ESCROW COMPANY, an Idaho corporation; CAMAS COUNTY TITLE & ESCROW, L.L.C., an Idaho limited liability company; DEXTER T. BALL, as President of First American Title & Escrow of Magic Valley, Inc. and as a married individual; RODNEY R. GONSALES and MELANIE J. GONSALES, husband and wife; STEVEN SCOTT GREENAWALT and RITA M. GREENAWALT, husband and wife; HOBDEY LAW OFFICE, P.L.L.C., an Idaho professional limited liability company; DOES 1-10; BLACK CORPORATIONS 11-20; GREY LIMITED LIABILITY COMPANIES 21-30; BLUE PARTNERSHIPS 31-40; TRUSTS 41-50,<br><br>                              Defendants. | Civil No. CV-06-117-S-EJL<br><br>**MEMORANDUM ORDER** |

Pending before the Court in the above-entitled matter is Plaintiffs' motion for temporary restraining order, filed on March 21, 2006. The motion was filed in conjunction with a verified complaint. The affidavit of counsel indicates that Defendants were served with a copy of the motion

**MEMORANDUM ORDER - 1**

on the same date via United States Mail.  The Court reviewed the motion and granted the temporary restraining order.  The Court set the matter for hearing on April 4, 2006 to determine if a preliminary injunction should issue in this case.  Defendants filed a response in opposition to the temporary restraining order and a motion to dismiss.  The Plaintiff filed a motion to strike and memorandum in support of injunctive relief.  The Court heard argument and met with counsel in chambers.  The parties were given until noon on April 10, 2006 to resolve the matter.  Counsel notified the Court's staff attorney no settlement was reached between the parties.

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court.

## Factual and Procedural Background

The Plaintiff, Rockrose, L.L.C., has filed this motion seeking to enjoin the Defendant, Gooding Title and Escrow Company, from selling certain real property described in the Notice of Trustee Sale dated February 8, 2006.  The parties' dispute is over three deeds of trust on real property upon which Defendants have noticed foreclosure proceedings and intended to hold a foreclosure sale on March 24, 2006.  The sale did not proceed on March 24, 2006 as this Court entered a temporary restraining order.  Plaintiff asserts it will prevail on its claims arguing it is not delinquent on its payments on the deeds. Defendants maintain Plaintiff has received the requisite notice of foreclosure and are in fact delinquent in their payments.

**MEMORANDUM ORDER - 2**

**Standard of Review**

Fed. R. Civ. P. 65(a) discusses the procedure to be followed on an application for a preliminary injunction.  Broadly defined, a preliminary injunction is a judicial remedy that is issued to protect a plaintiff from irreparable harm while preserving the court's power to render a meaningful decision after a trial on the merits.  Thus, a preliminary injunction may issue even though a plaintiff's right to permanent injunctive relief is not certain.  The grant or denial of a preliminary injunction is a matter of the court's discretion exercised in conjunction with the principles of equity.  See:  Inland Steel v. U.S., 306 U.S. 153, 59 S.Ct. 415, 83 L.Ed. 557 (1939); Deckert v. Independence Shares Corp., 311 U.S. 282, 61 S. Ct. 229, 85 L.Ed. 189 (1940); and Stanley v. Univ. of Southern California, 13 F.3d 1313 (9th Cir. 1994).

While courts are given considerable discretion in deciding whether a preliminary injunction should enter, and injunctive relief is not obtained as a matter of right, it is also considered to be an extraordinary remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.  See:  Sampson v. Murray, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed. 2d 166 (1974); Brotherhood of Locomotive Engineers v. Missouri-Kansas-Texas R. Co., 363 U.S. 528, 80 S.Ct. 1326, 4 L.Ed.2d 1435 (1960); and Stanley v. Univ. of Southern California, 13 F.3d 1313 (9th Cir. 1994).

In the case of Martin v. International Olympic Committee, 740 F.2d 670, 674-675 (9th Cir. 1984), the Ninth Circuit stated that a party seeking preliminary injunctive relief must meet one of two tests.  Under the first,

> [A] court may issue a preliminary injunction if it finds that: (1) the [moving party] will suffer irreparable harm if injunctive relief is not granted, (2) the [moving party] will probably prevail on the merits, (3) in balancing the equities, the [non-moving] party will not be harmed more than [the moving party] is helped by the injunction, and (4) granting the injunction is in the public interest.

**MEMORANDUM ORDER - 3**

Id. (internal quotations and citations omitted); and <u>Stanley v. Univ. of Southern California</u>, 13 F.3d 1313, 1319 (9th Cir. 1994).  Under the second, the movant must show "either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of success on the merits."  <u>Miller v. California Pacific Medical Center</u>, 19 F.3d 449, 456 (9th Cir. 1994) (en banc).  This alternative test is on a sliding scale: the greater the likelihood of success, the less risk of harm must be shown, and vice versa.  Id.

Speculative injury is insufficient to support a finding of irreparable harm.  As the Ninth Circuit has stated,

> Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction . . . a plaintiff must do more than merely allege imminent harm to establish standing, a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief.

<u>Carribean Marine Service Co. v. Baldridge</u>, 844 F.2d 668, 674 (9th Cir. 1988).

## Analysis

In this case, Plaintiff's motion is predicated on violations of the Fair Debt Collection Practices Act and other alleged defects in the foreclosure procedure.  Plaintiff argues irreparable injury will result from the sale of the real property as it will damage Plaintiff's business and credit.  The Court respectfully disagrees.  First, the Court finds Plaintiff has not established its likelihood of success on the merits.  Second, the Court finds Plaintiff has not established irreparable harm.

Plaintiff claims the foreclosure notice is defective, Plaintiff is not in default, the terms of the contract allow Plaintiff to pay the note at anytime, Defendants waived their right to strict compliance of payments by Plaintiff, and Defendants have violated the Fair Debt Collection Practices Act.  The Court does not find Plaintiff is persuasive in establishing its likelihood of success on these claims.

**MEMORANDUM ORDER - 4**

First, the notices of default and foreclosure have been reviewed by a state court and a bankruptcy court. Neither court has found the notices legally deficient. This Court has also reviewed the notices and does not find them legally deficient as they provided adequate notice to Plaintiff of the alleged default. Second, while Plaintiff disputes the payments made were not timely applied by the escrow agent, there is no dispute regarding the fact that Plaintiff has not made any payments on the note since June 2005. The Court finds the exhibits to the affidavits support that Plaintiff is in default.

Third, the Court has reviewed the four corners of the Deed of Trust Note and finds the "repay" language relied upon by Plaintiff to argue that payments can be made at anytime is not ambiguous and is actually the "prepay" clause in the agreement. Where the intention of the parties is clear from the language of their agreements, its interpretation and legal effect are to be resolved the by Court as a matter of law. The Court finds the prepay clause does not control when payments are due under the Deed of Trust Note. Also taking the Deed of Trust Note into consideration with the Deeds of Trust and Escrow Instructions, the Court finds monthly payments were the intent of the parties. To allow a party to repay at anytime is inconsistent with the documents taken as a whole for this type of real estate transaction between third parties and is inconsistent with the standard language or usage in the industry.

Fourth, Plaintiff argued at the hearing that Defendants had waived their right to strictly enforce the agreements. The Court finds the agreements expressly provided that the acceptance of late payments was not deemed a waiver of strict compliance. Fifth, Plaintiff is unlikely to be successful on the merits of the alleged violations the Fair Debt Collection Practices Act as such violations rise out of the earlier alleged deficiencies argued by Plaintiff. For all of these reasons, the Court finds Plaintiff has failed to establish its likelihood of success on the merits.

**MEMORANDUM ORDER - 5**

Moreover, the Court finds Plaintiff has failed to establish irreparable harm. Plaintiff argues it has spent around $60,000 on the real property. It is unclear if this includes the payments made on the Deed of Trust Note and/or expenses above and beyond the Note. However, economic damages could be recovered if the injunction is not allowed and Plaintiff is successful on their claims. Allegations that Plaintiff may suffer financial hardship does not establish irreparable harm. See, e.g., Hughes v. United States, 953 F.2d 531, 535-36 (9th Cir. 1992) (financial suffering and alleged due process violations insufficient to demonstrate irreparable injury); Elias v. Connett, 908 F.2d 521, 526 (9th Cir. 1990) (monetary harm alone insufficient to merit injunctive relief).

Additionally, the Court is not persuaded from the pleadings that the real property at issue is unique. Plaintiff has made no showing on the record that the real property secured by the Deeds of Trust is unique and could not be replaced with the purchase of other property in the area.

Therefore, the Court finds that Plaintiff has failed to carry its burden to satisfy either of the tests for injunction relief. Plaintiff has not established irreparable harm, likelihood of success on the merits, or that serious questions going to the merits exist with the balances tipping sharply in Plaintiffs favor. The request of a preliminary injunction is denied.

The Defendants have requested the security posted for the restraining order be released to Defendants as payment for the costs and attorneys fees in responding to the motion and renoticing the sale of the property. The Court will reserve its ruling on the Defendants' requests for costs and fees until the Court has ruled on the pending motion to dismiss. The security posted by the Plaintiff shall NOT be released at this time.

**MEMORANDUM ORDER - 6**

**Order**

Being fully advised in the premises, the Court hereby orders the Plaintiff's motion for injunctive relief (Docket No. 2) is now DENIED.  The temporary restraining order previously issued in this case is QUASHED.  The Plaintiff's Motion to Strike (Docket No. 10) is DENIED.  Plaintiff shall respond to the pending motion to dismiss (Docket No. 7) pursuant to Dist. Idaho Loc. Civ. R. 7.1.

DATED:  **April 12, 2006**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 7**