# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **ROCKROSE, L.L.C. a Wyoming limited liability company,** | CASE NO: CV06-117-S-EJL |
| **Plaintiff,** | **MEMORANDUM ORDER** |
| **vs.** | |
| **FIRST AMERICAN TITLE & ESCROW OF MAGIC VALLEY, INC., dba GOODING TITLE & ESCROW COMPANY, et al,** | |
| **Defendants.** | |

Pending before the Court in the above-entitled matter is Defendants' motion to dismiss (Docket No. 7), motion to quash lis pendens (Docket No. 22) and motion to strike affidavit (Docket No. 30). Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## Factual and Procedural Background

The Plaintiff, Rockrose, L.L.C., has filed a complaint in this matter alleging several claims against Defendants regarding the Defendants efforts to complete a foreclosure sale of certain real property described in the Notice of Trustee Sale dated February 8, 2006. The parties' dispute is over

MEMORANDUM ORDER - 1

three deeds of trust on real property upon which Defendants have noticed foreclosure proceedings and intended to hold a foreclosure sale on March 24, 2006.  The sale did not proceed on March 24, 2006 as this Court entered a temporary restraining order.  (Docket No. 4).  The Complaint alleges claims for violations of the Federal Fair Debt Collection Act, unfair business practices, declaratory judgment, wrongful foreclosure, gross negligence, breach of contract, breach of fiduciary duty, and defamation.  Defendants maintain Plaintiff's claims are without merit and they should be dismissed.

This Court previously entered orders denying Plaintiff's motion for a preliminary injunction (Docket No. 15) and Plaintiff's motion for stay pending appeal (Docket No. 25).  Plaintiff has filed an interlocutory appeal of the order denying the motion for preliminary injunction.  (Docket No. 20). The general rule is that the filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal."  United States v. Phelps, 283 F.3d 1176, 1181 n. 5 (9th Cir. 2002) (quoting Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58, (1982)).  In terms of interlocutory appeals, 28 U.S.C. § 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order; *Provided, however*, **That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.**

28 U.S.C. § 1292(b) (emphasis in original and added).  Here, because neither this Court nor the

Ninth Circuit have ordered that these proceedings be stayed, this Court may rule upon the motion to dismiss.[1]

**Motion to Dismiss**

1)  Standard of Review:

A motion to dismiss should not be granted "unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  Clegg v. Cult Awareness Network, 18 F. 3d 752, 754 (9th Cir. 1994).   All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party.  See Buckey  v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992).  The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc., 911 F.2d 242, 247 (9th Cir. 1990).   While amendments are liberally permitted under Rule 15(a), the district court may deny leave to amend when there has been an undue delay in bringing the motion, and the opposing party would be unfairly prejudiced by the amendments.  See United States v. Pend Oreille Public Utility Dist. No. 1, 28 F.3d 1544, 1552-53 (9th Cir. 1994).

Generally, the Court may not consider any material beyond the pleadings in ruling on a

---

[1]

The Court is aware of the cases holding that a district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo" but that does not mean the district court can "adjudicate anew the merits of the case.' " Natural Resources Defense Council Inc. v. Southwest Marine Inc., 242 F.3d 1163, 1166-67 (9th Cir. 2001) (citations omitted). The district court's exercise of jurisdiction should not "materially alter the status of the case on appeal." Id. (citation omitted).  In ruling on the motion to dismiss here this Court has not altered the status of the issue raised on interlocutory appeal.  Further, in so ruling on this motion now, the Court enables Plaintiff to also pursue any appeal of this ruling it may seek before the Ninth Circuit.

motion to dismiss under Fed. R. Civ. P. 12(b)(6).  See Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).   If materials outside the pleadings are considered, the motion is converted to a motion for summary judgment governed by Fed. R. Civ. P. 56. See Jacobsen v. AEG Capital Corp., 50 F.3d 1493, 1496 (9th Cir. 1995).

But as Branch makes clear, there are times when documents other than the pleadings can be considered without converting a motion to dismiss into a motion for summary judgment. "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."  Branch, 14 F.3d at 453.  In this particular case, the Court finds the parties are requesting the Court to consider affidavits and other evidence and the Court will convert the motion.

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure.  Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. See, Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986).  If the non-moving party fails to make such a showing on any essential element, "there can be no `genuine issue of

MEMORANDUM ORDER - 4

material fact,' since a complete failure of proof concerning an essential element of the nonmoving

party's case necessarily renders all other facts immaterial." Id. at 323.[2]

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary

judgment, must be both "material" and "genuine."  An issue is "material" if it affects the outcome

of the litigation.  An issue, before it may be considered "genuine," must be established by "sufficient

evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties'

differing versions of the truth at trial." Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975) (quoting

First Nat'l Bank v. Cities Serv. Co. Inc., 391 U.S. 253, 289 (1968)).  The Ninth Circuit cases are in

accord. See, e.g., British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund, 882

F.2d 371 (9th Cir. 1989).

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a

party

> (1) must make a showing sufficient to establish a genuine issue of fact with respect
> to any element for which it bears the burden of proof; (2) must show that there is an
> issue that may reasonably be resolved in favor of either party; and (3) must come
> forward with more persuasive evidence than would otherwise be necessary when the
> factual context makes the non-moving party's claim implausible.

Id. at 374 (citation omitted).

Of course, when applying the above standard, the court must view all of the evidence in a

light most favorable to the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255

---

[2]  See also, Rule 56(e) which provides, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse
> party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the
> adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific
> facts showing that there is a genuine issue for trial.  If the adverse party does not so respond,
> summary judgment, if appropriate, shall be entered against the adverse party.

MEMORANDUM ORDER - 5

(1986); Hughes v. United States, 953 F.2d 531, 541 (9th Cir. 1992).

2)      Analysis:

The motion argues each of Plaintiff's causes of action fail, as a matter of law, and that dismissal of the complaint is proper.  (Docket No. 7).  Simply, Defendants assert the Plaintiff has failed to comply with the payment terms of the note and that the non-judicial foreclosure sale of the Real Estate sought by Defendants is proper as a matter of law.  Plaintiff generally contends that there are facts in dispute, the claims in the complaint state viable causes of action, non-judicial foreclosure is improper, and Plaintiff did not receive proper notice of default.[3]  In reply, Defendants maintain that non-judicial foreclosure is permissible, they have provided proper notice of foreclosure sale, and Plaintiff's claims are otherwise meritless.

a)      Non-Judicial Foreclosure Sales:

Plaintiff maintains that Idaho Code § 45-1502(5) precludes a non-judicial foreclosure sale in this case.  Section 45-1502(5) states:

> (5) "Real property" means any right, title, interest and claim in and to real property owned by the grantor at the date of execution of the deed of trust or acquired thereafter by said grantor or his successors in interest. Provided, nevertheless, real property as so defined which may be transferred in trust under this act shall be limited to either (a) any real property located within an incorporated city or village at the time of the transfer, or (b) any real property not exceeding forty (40) acres, regardless of its location, and in either event where the trust deed states that the real property involved is within either of the above provisions, such statement shall be binding upon all parties and conclusive as to compliance with the provisions of this

---

[3]

Plaintiff has not responded to Defendants' motion in terms of the Federal Fair Debt Collection Act claims, the gross negligence claim, breach of fiduciary duty, and defamation claims.  The Court has reviewed Defendants' arguments regarding these claims and finds the motion to dismiss is proper as to these claims.  The causes of actions are predicated on whether or not Plaintiff is in default on the note, a fact which Plaintiff has not disputed.  Additionally, Local Civil Rule 7.1(e) states that the failure to timely file any response documents required by the rule in a timely manner may be "deemed to constitute a consent to ... the granting of said motion...."   Because the claims fail as a matter of law, they are dismissed.

MEMORANDUM ORDER - 6

act relative to the power to make such transfer and trust and power of sale conferred
in this act.

Because the real estate involved in this case is in an unincorporated area and exceed forty acres in

size, Plaintiff asserts the deed of trust must contain a statement conferring the power of non-judicial

foreclosure or else the trust must be foreclosed like a mortgage.  Plaintiff relies upon the affidavit

of Dennis Foisy who was hired by Plaintiff to survey the land.  (Docket No. 27).  Mr. Foisy

concluded that the three parcels of land totaled 121.21 acres and that each individual parcel exceeds

forty acres.  (Docket No. 27).  Defendants note that the deeds of trust at issue here contain the

language required by § 45-1502(5) to allow for non-judicial foreclosure sales; specifically:

> That Grantor does hereby irrevocably GRANT, BARGAIN, SELL, AND CONVEY
> TO TRUSTEE IN TRUST, WITH POWER OF SALE, that property in the County
> of Camas State of Idaho, described as follows and containing not more than forty
> acres:

Because the language of the deed of trust evidences the parties intention in accord with the deed of

trust statute, Defendants argue the parties are governed by the foreclosure statutes thereby allowing

for non-judicial foreclosure.

Having reviewed the parties arguments, the applicable law, and the deeds of trust in this

matter, the Court concludes that the Defendants are entitled to non-judicial foreclosure.  Even

viewing the evidence in the light most favorable to the Plaintiff, the language of the deeds of trust

clearly evidence the parties intent that the deeds be governed by the foreclosure statutes.  Any

dispute over the size of the parcels is irrelevant as the parties resolved that matter in the language

of the deeds where by they agreed in writing that the parcels contain "not more than forty acres."

Mr. Foisy's survey, conducted after the deeds were signed, does not change the express language

of the contract.  Therefore, the Court finds non-judicial foreclosure is appropriate in this case.

MEMORANDUM ORDER - 7

b)      Co-Mingling of Parcels:

Plaintiff asserts that because there are three separate deeds of trust created to secure one note, the notices of trustee's sale was improper in that it stated the balance due on each parcel was the total amount due on the note.  Further, Plaintiff notes that a sale of all three parcels may be unnecessary as the sale of one parcel could satisfy the foreclosure of the total amount due and owing on the note.  Defendants assert the parties' intent is clear in the documents that each of the three deeds of trust would cross-collateralize the total amount due on the note.  This, Defendants allege, is evidenced by the repayment terms agreed to by the Plaintiff on both the deeds of trust and the note which call for repayment of the total amount, $153,000, in monthly installment payments on the total amount – not three separate amounts.

It is undisputed that to effectuate the sale of the property in this case the parties executed a Deed of Trust Note in the amount of $153,000 and three deeds of trust to secure repayment on the note.  (Docket No. 7, Ball Affidavit, Exhibits C1, C2, C3).  The deeds of trust each state:

> For the Purpose of Securing payment of the Indebtedness evidenced by a promissory note...in the sum of FIFTY ONE THOUSAND AND No/Dollars, ($51,000.00)...and to secure payment of all such further sums as may hereafter be loaned or advanced...for any purpose and of any notes, drafts or other instruments representing such further loans, advances, or expenditures together with interest on all such sums...it is the express intention of the parties to this Deed of Trust that it shall stand as continuing security until paid for all such advances together with interest thereon.

Id.  The language of these deeds of trust is clear.  Each deed secures the total amount advanced by the Beneficiary to the Grantor.  Plaintiff argues the sum owing on the three deeds of trusts were improperly combine and maintains that the amount on each note is instead tied to a particular parcel of land.  This is clearly not the case as the language of the documents expressly state that each of the notes secures the total amount due and owing to Defendants.  Neither side contests the total

MEMORANDUM ORDER - 8

amount due and owning.  As to Plaintiff's argument that three sales may be unnecessary to satisfy the foreclosure amount thereby not requiring the sale of all three parcels.  Whether that is the case or not is not a basis for precluding the foreclosure sale all together.  This concern is amply addressed by the foreclosure sale procedures themselves.

        c)     <u>Notice</u>:

Plaintiff argues the default notices were improper because they were from Mr. Craig Hobdey, attorney, not from Twin Falls Title as instructed by the Escrow Agreement and agreed to by the parties.  Defendants maintain proper notices of default were given as required by Idaho law and the Escrow Agreement.  Defendants point out that Plaintiff does not allege the notices were confusing, inadequate, untimely, unwarranted, or in violation of the statute; any problem with the notice, therefore, was harmless.

The question here is whether the notices complied with the parties' contractual agreement. The Escrow Agreement in this case states: "All notices given pursuant to the terms of any document placed in this escrow must be given through TWIN FALLS TITLE & ESCROW COMPANY." (Docket No. 7, Ball Affidavit, Exhibit E, ¶ III C).  Defendants assert this provision only requires that Twin Falls Title provide those notices for defaults that are required by the escrow documents but that it does not require Twin Falls Title to provide any default notices under Idaho Code § 45-1505(3) because such statutory notices are not required by "the terms of any document placed in escrow."  (Docket No. 31, pp. 8-9).  Just the opposite, Defendants argue the Escrow Agreement expressly states that defaults regarding the deeds of trust must be handled by a trustee as required by Idaho law,

MEMORANDUM ORDER - 9

not by Twin Falls Title.  (Docket No. 31, p. 9); <u>see also</u> (Docket No. 7, Ball Affidavit, Exhibit E, ¶ VI D).[4]

Having reviewed the parties briefing and the record, the Court finds the default notices properly complied with the requirements of the parties' agreement and the applicable Idaho law. The sending of the notices by Mr. Hobdey was in accord with the terms of the Escrow Agreement and the notices themselves satisfy the requirements of Idaho Code § 1505(3).  Moreover, it is undisputed that the notices served their purpose in informing Plaintiff of the default and foreclosure proceedings.

3)    <u>Conclusion</u>:

Based on the foregoing the Court grants Defendants' motion (Docket No. 7) and dismisses all of Plaintiff's claims against Defendants.  Further, the Court agrees with Defendants that the complaint was filed in this case in an effort to improperly postpone, hinder, and delay the foreclosure of the real estate in question.  As determined above, the foreclosure and sale of the property is lawful and Plaintiff's allegations and claims are without basis in law or fact. Furthermore, the filing of this action is the third such lawsuit brought by Plaintiff and has resulted in again delaying the foreclosure sale of the property.  As such, the Court finds it appropriate to order the release of the security bond to Defendants to repay the costs and damages incurred by Defendant as a result of the filing of this action by Plaintiff.  Defendants shall file proof of such costs and damages on or before July 17, 2006.  Plaintiff may file objections on or before July 24, 2006.  To which Defendants may reply on or

---

[4] Defaults regarding Deeds of Trust shall be handled by the Trustee thereof pursuant to the applicable statutes of the State of Idaho.  TWIN FALLS TITLE & ESCROW COMPANY shall provide escrow documents to said trustee, upon written request and receipt of a copy of the recorded Notice of default.  All matters of default must be cured through the trustee.

before July 31, 2006.  At that time the Court will consider the amount of the security bond to be release to Defendants.

### Motion to Strike Affidavit of Dennis Foisy

Defendants move to strike paragraphs 12 and 13 of Dennis Foisy's affidavit as the paragraphs contain conclusory statements that are not within the affiant's expertise.  Plaintiff has not had the opportunity to respond to the motion to strike, but because the Court finds the motion to strike had no impact on its summary judgment analysis, the motion is denied as moot.

### Motion to Quash Lis Pendens

Defendants move to quash the lis pendens filed by Plaintiff.  Defendants claim the lis pendens is not accurate and does not comply with the statutory requirements.  Plaintiff filed no response to the motion to quash lis pendens.

District Courts may establish local rules of procedure that have the force of law.  Fed. R. Civ. P. 83(a)(1).  Attorneys practicing in a federal district court are charged with knowledge of the local rules the same as they are charged with knowledge of the federal rules of civil procedure.  Local Rule 7.1 controls when a response must be filed to a motion.  Pursuant to Dist. Idaho Loc. Civ. R. 7.1(c), the responding party must file its response within twenty-one days after service upon the party of the motion and memorandum by the moving party.[5]  The certificate of service indicates counsel for Plaintiff was electronically served with the motion and related memorandum on April

---

[5]  Dist. Idaho Loc. Civ. R. 7.1(c)(1) provides in part:

> The responding party <u>must</u> serve and file a response brief . . . .  The responding parties must serve and file with the response brief any affidavits, copies of all photographs, and documentary evidence on which the responding party intends to rely.  (emphasis added).

MEMORANDUM ORDER - 11

21, 2006.  As of May 16, 2006, no response to the motion was filed by Plaintiff.  The Local Rules

provide that failure to respond to a motion may be deemed consent to the granting of the motion.

Dist. Idaho Loc. Civ. R. 7.1(e).

In reviewing the lis pendens filed by Plaintiff, the Court agrees that the lis pendens is an

attempt to do an end run around this Court's rulings and is not factually correct and does not meet

the legal requirements for a lis pendens.  These facts considered along with Plaintiffs failure to

respond to the motion to quash which may be deemed consent to the motion, support the Court's

finding that the motion to quash should be granted.

**ORDER**

Being fully advised in the premises, the Court hereby orders:

1)      Defendants' Motion to Dismiss (Docket No. 7) shall be deemed a motion for summary judgment and the motion is **GRANTED**.  Defendants shall file briefing regarding payment of costs and damages on or before July 17, 2006, Plaintiff's response shall be filed on or before July 24, 2006, and any reply shall be filed on or before July 31, 2006.

2)      Defendants' Motion to Strike Affidavit (Docket No.30 ) is **DENIED AS MOOT**.

3)      Defendants' Motion to Quash Lis Pendens (Docket No. 22) is **GRANTED**.

4)      Plaintiff's renewed motion for injunctive relief contained within its memorandum in opposition to the motion to dismiss (Docket No. 28) is **DENIED**.

DATED:  **June 15, 2006**

Honorable Edward J. Lodge

U. S. District Judge

MEMORANDUM ORDER - 12